IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT JAMES
MALONE,

   Petitioner,

   v.         CASE NO. 10-3255-SAC

KAREN L. ROHLING
Warden, et al.,

   Respondents.

**O R D E R**

This pro se "Motion for Federal Habeas Corpus" was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas. The motion is a single page with the caption "In the District Court House of Topeka, Ks." The caption includes the number K-945796-T. This is the United States District Court for the District of Kansas, and the number in the caption is not a case number used in this court. Mr. Malone mailed this document to the clerk of this court at this address. However, it is possible that he intended to send it to a state court, rather than this federal court. If he has submitted this document to the wrong court, then he should immediately send his filing to the proper court.

The initial pleading that petitioner submitted to this court is entitled "Motion for Federal Habeas Corpus." He has submitted two additional pleadings, which were docketed as "Supplements" to the Petition. In order to obtain federal habeas corpus review, a state prisoner must file his petition upon forms provided by the court for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In addition, the petitioner must pay the appropriate filing fee for the action, which is $5.00 for a habeas petition, and

$350.00 for a civil complaint.  A habeas action challenges the legality of the inmate's detention and seeks an immediate or speedier release, while the conditions of an inmate's confinement may only be challenged in a civil rights complaint.  If the litigant does not have funds to pay the filing fee, he must submit a motion to proceed without prepayment of fees, which also must be upon forms provided by the court.

In most cases with these deficiencies, the court would give the litigant time to submit his petition upon the proper forms and to either pay the appropriate fee or submit a motion to proceed without the fee.  However, the court finds that no legitimate purpose would be served by doing that in this case for the following reasons.  It is apparent from the materials submitted herein by Mr. Malone, that this action should be dismissed upon screening pursuant to 28 U.S.C. § 1915A(a) as frivolous and for failure to state a claim, 28 U.S.C. § 1915a(b)(1).  Mr. Malone's allegations include that he is "a federal agent of case no. K.945796-T. of Salina, KS," is "reporting that the warden of this facility has excepted corr. officers which who where involved in murder cases," is "testifying against Wyandotte County deputies and correctional officers of KDOC," is suing the Secretary of Corrections "for the hostage of my families lives and the repeating of using Democracy Kidnapping against me for a ransom of $ 500, Zillion Dallors that they confiscated or robbed me of," and that he is "a king ambassador" of the U.S. as well as "Lt. Chief-Chieffiaa Johnny Paulaa Bammer/Gigglo, Malone, no. 71655832198900000-T."  Having considered all the materials in the file, the court finds that Mr. Malone's allegations in this case are nonsensical and delusional, and that he utterly fails to allege any

2

facts that state a claim for federal habeas corpus relief. Moreover, he does not show that he has exhausted state court remedies on any challenges he might have to his state conviction or sentence.

If Mr. Malone actually seeks to challenge his state conviction, then he may request § 2254 forms and in forma pauperis forms from the clerk of the court, and submit a proper petition and motion as a new case, since this dismissal is without prejudice.

The court notes that Mr. Malone has sent numerous other papers to this court that do not have this case number in the caption, and that are similarly difficult, if not impossible, to decipher. He is again advised that court rules require that any habeas corpus petition or civil rights complaint he seeks to file must be upon forms provided by the court. Hopefully, it would assist him in attempting to state a claim to utilize those forms.

Mr. Malone is forewarned that if he files three frivolous actions in forma pauperis, he will be subject to 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. If Mr. Malone is found to fall within this provision, he will then be required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999); see also

3

Ibrahim v. District of Columbia, 463 F.3d 3, 6 (D.C. Cir. 2006)("Congress enacted the PLRA primarily to curtail claims brought by prisoners under 42 U.S.C. 1983 and the Federal Tort Claims Act, most of which concern prison conditions and many of which are routinely dismissed as legally frivolous."); Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996)(citing legislative history); In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997).

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed, without prejudice, upon screening pursuant to 28 U.S.C. § 1915A(a) as frivolous and delusional, and for failure to state a claim, 28 U.S.C. § 1915a(b)(1).

**IT IS FURTHER ORDERED** that petitioner is provisionally granted leave to proceed in forma pauperis solely for the purpose of dismissing this action.

**IT IS SO ORDERED**.

Dated this 6th day of January, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge